# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CAZIONN WILLIAMS,

                **Plaintiff,**

v.                                                                   Case No. 23-CV-711

WILLIAM SWIEKATOWSKI, *et al.*,

                **Defendants.**

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Cazionn Williams, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Williams was allowed to proceed on a deliberate indifference claim under the Eighth Amendment against the defendants for allegedly failing to provide him medical care after he swallowed three razor blades. (ECF No. 17.) The defendants filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 28) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 4, 20.) The motion is fully briefed and ready for a decision.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are

exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

Wisconsin's procedures for inmates exhausting administrative remedies are contained in Wis. Admin. Code Ch. DOC 310 (2018). "The purpose of this chapter is to afford inmates in institutions a process by which grievances may be expeditiously raised, investigated, and decided." Wis. Admin Code § DOC 310.01(1). The Inmate Complaint Review System (ICRS) is the main process an inmate must use to bring a grievance to the attention of the institution. Wis. Admin Code § DOC 310.04. An inmate must file a formal written inmate complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must clearly identify the issue the inmate seeks to complain about. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the institution complaint examiner may

3

either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i), including if the inmate complaint is untimely. An inmate may appeal a rejected complaint to the appropriate reviewing authority within 10 days. Wis. Admin. Code § DOC 310.10(10). A complaint may be returned within 10 days of receipt if it fails to meet filing requirements, Wis. Admin. Code § DOC 310.10(5). An inmate has 10 days to correct the deficiencies. Wis. Admin. Code § DOC 310.10(5). One of the reasons the institution complaint examiner may return a complaint is because it fails to contain only one clearly identified issue. Wis. Admin. Code § DOC 310.07(5); 310.10(5).

Once the institution complaint examiner accepts the complaint, the institution complaint examiner makes a recommendation to the reviewing authority. Wis. Admin. Code § DOC 310.10(12). The reviewing authority has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)-(2). Within 14 days after the date of the reviewing authority's decision, an inmate may appeal the reviewing authority's decision to the corrections complaint examiner (CCE). Wis. Admin. Code § DOC 310.12(1).

The CCE then has 45 days in which to make a recommendation to the Office of the Secretary of the DOC or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The CCE "may recommend rejection of an appeal not filed in accordance with § DOC 310.09," including if the appeal was filed outside the 14-day window. Wis. Admin. Code. § DOC 310.12(5). The Secretary then has 45 days

4

in which to make a decision following receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). If an inmate does not receive a decision from the Secretary within 90 days of receipt of the appeal in the CCE's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4).

*Williams's Claims*

Williams was allowed to proceed on an Eighth Amendment deliberate indifference claim because the defendants did not give him medical attention after he swallowed three razor blades. (ECF No. 17.) Defendants William Swiekatowski and Tiffany Runciman[1], who were security staff at the time of the incident, witnessed Williams swallow the razor blades and walked away without seeking medical assistance. (*Id.* at 5-6.) He further alleges that Hillary Berg and Amy Woolf, who were apart of the Health Services Unit (HSU), did not provide him medical treatment or even examine him despite Williams submitting several Health Services Requests. (*Id.*)

*Williams's Attempts to Exhaust His Administrative Remedies*

It is undisputed that Williams filed two relevant inmate complaints: GBCI-2022-7227 and GBCI-2022-11735. (ECF No. 30, ¶ 1.) GBCI-2022-7227 was received by the institution complaint examiner on May 9, 2022. (*Id.*, ¶ 2.) The court notes that the copy of the inmate complaint provided by the defendants (ECF No. 31-2 at 15-16)

---

[1] In their brief in support of their motion (ECF No. 29 at 1) the defendants state that Hilliary Berg was both security staff and HSU staff. In reviewing the record, the court assumes that the defendants meant to name Tiffany Runciman as the female defendant who was a part of the security staff.

5

is barely legible because the copy is so faint. However, the court can discern that in this inmate complaint Williams states that HSU refused to see him after he swallowed the razor blades and began coughing up blood, and that he was denied further treatment, such as treatment from a hospital. (*Id.* at 16.) The defendants assert that the one issue raised by the inmate complaint is that staff failed to protect Williams from swallowing the razor blades, not that he was denied medical care. (ECF No. 30, ¶ 7.)

On May 24, 2022, the institution complaint examiner rejected complaint GBCI-2022-7227 because he found that it was untimely. (ECF No. 30, ¶ 9.) However, on June 1, 2022, after reviewing the body camera footage, the institution complaint examiner issued an amended report, which included a summary of a detailed investigation and findings. (*Id.*, ¶ 10.) According to Williams, and undisputed by the defendants, an amended report was issued because the institution complaint examiner "misread" the date of the inmate complaint and it was actually not untimely. (ECF No. 59, ¶ 17.) After an investigation on the merits of the complaint, the institution complaint examiner found that staff did not fail to protect Williams, but that Williams "appeared to be upset with the Health Services Unit's decision not to send him out to the hospital." (ECF No. 30, ¶ 11.) The institution complaint examiner recommended dismissal, and the reviewing authority accepted that recommendation, dismissing the inmate complaint on June 6, 2022. (*Id.*, ¶ 12.)

On June 17, 2022, the CCE received an appeal of the dismissal of the inmate complaint but returned it to Williams because he had used an envelope of another

prisoner to send the complaint, in violation of Wis. Admin. Code § DOC 303.40. (ECF No. 30, ¶ 13.) Williams was told to send his appeal using one of his own envelopes and postage. (*Id.*) Williams resubmitted his appeal using the proper envelope and postage, which was received by the CCE on June 30, 2022. (*Id.*, ¶ 14.) The CCE recommended rejecting the appeal as untimely. (*Id.*, ¶ 15.) On July 5, 2022[2], the office of the secretary accepted the rejection of the appeal as untimely. (*Id.,* ¶ 18.)

Williams contends, and the defendants in their reply materials acknowledge, that the CCE erred in rejecting the appeal as untimely. (ECF No. 59, ¶ 40; ECF No. 58 at 4 n.1.) The appeal that Williams resubmitted was postmarked June 24, 2022, and stamped as received on June 30, 2022. (*Id.*) Because the time for Williams to appeal began to run on June 7, 2022, and taking into account the prison's 4-day mailbox rule, the defendants now concede that the appeal was timely. (*Id.*)

Unaware that the defendants would later concede that they made a mistake in rejecting his appeal as untimely, Williams again tried to exhaust his administrative remedies by submitting complaint GBCI-2022-11735, which was received by the institution complaint examiner on August 5, 2022. (ECF No. 30, ¶ 19.) Again, the copy of the inmate complaint submitted by the defendants (ECF No. 31-3 at 6-7) is barely legible. It appears that in the complaint Williams complained that GBCI-2022-7227 had been improperly rejected. (*Id.*) The institution complaint examiner determined that "[t]his complaint amounts to an appeal of GBCI-2022-7227 and is,

---

[2] In their proposed findings of fact the defendants state that the office of the secretary rejected the appeal on June 5, 2022, but the court is assuming based on the timeline that this was an error, and they meant July 5, 2022.

7

thus, not properly raised in this forum. The inmate makes it clear that he is not satisfied with the decision he received regarding the above mentioned complaint. GBCI-2022-7227 has been exhausted through the ICRS." (*Id.* at 2.) On August 26, 2022, the institution complaint examiner rejected GBCI-2022-11735[3] on the ground that it was not a new complaint but rather an appeal of GBCI-2022-7227. (ECF No. 30, ¶ 21.) It is undisputed that no additional inmate complaints were received on this issue from Williams.

*Analysis*

The defendants initially argued that Williams did not fully exhaust his administrative remedies because he did not appeal "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). However, in their reply materials the defendants concede that the CCE made an error in rejecting William's corrected appeal of GBCI-2022-7227 as untimely, and that when considering the mail-box rule the appeal was timely. The defendants also do not renew their argument that Williams failed to fully exhaust his complaint set forth in GBCI-2022-7227.

The court further notes that, in rejecting the second inmate complaint, GBCI-2022-11735, the institution complaint examiner suggested that Williams was simply complaining about the resolution on the merits of GBCI-2022-7227 and that Williams

---

[3] The defendants' proposed findings of fact state that "the ICE rejected GBCI-2022-7227 noting that it 'amounts to an appeal of complaint GCBI-2022-7227." (ECF No. 30, ¶ 21.) The court assumes that the defendants meant that GBCI-2022-11735 was rejected. The defendants should be careful to review their submissions for these types of errors.

had exhausted the issue in GBCI-2022-7227. In light of these factors, the court will consider the defendants' argument that Williams failed to properly exhaust his administrative remedies as it relates to complaint GBCI-2022-11735 as withdrawn.

The only question that remains is whether GBCI-2022-7227 served to put the defendants on notice of Williams's claim that the defendants were deliberately indifferent when they failed to get him medical attention after he swallowed three razor blades. As stated above, the defendants argue that Williams's inmate complaint was that the defendants failed to prevent him from swallowing the razor blades, not that they failed to provide him medical care. Williams asserts that his inmate complaint clearly informed the defendants that he was denied medical care and that that issue was considered when the institution complaint examiner investigated his complaints.

Williams's complaint discusses that he was denied medical care, and the institution complaint examiner even acknowledged that in his findings. The inclusion of these extra details could have been grounds for the institution complaint examiner to return the complaint for stating more than one issue, but the institution complaint examiner did not do so. Instead, he investigated Williams's complaint and made a recommendation on the merits. "Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action and defendants cannot rely on the failure to exhaust defense." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

9

GBCI-2022-7227 explicitly complains that Williams did not receive medical care, and the institution complaint examiner confirmed that he understood this to be the nature of Williams's complaint in his recommendation to dismiss the complaint on the merits. Because the inmate complaint was not returned on procedural grounds, and instead was analyzed and investigated, the defendants cannot now assert that the grievance failed to put the institution on notice of Williams's claims. Summary judgment on exhaustion grounds is denied.

## CONCLUSION

For the reasons stated above, the defendants' motion for summary judgment on exhaustion grounds is denied. The court will issue an amended scheduling order at a later date.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (ECF No. 28) is **DENIED**.

Dated at Milwaukee, Wisconsin this 3rd day of July, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge